**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5728-17T2

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

STEVEN J. BRIZAK,

     Defendant-Appellant.

_____

Argued September 11, 2019 – Decided October 1, 2019

Before Judges Koblitz, Whipple and Mawla.

On appeal from the Superior Court of New Jersey, Law Division, Cumberland County, Indictment No. 11-04-0338.

Jay V. Surgent argued the cause for appellant (Weiner Law Group, LLP, attorneys; Jay V. Surgent, on the brief).

Andre R. Araujo, Assistant Prosecutor, argued the cause for respondent (Jennifer Webb-McRae, Cumberland County Prosecutor, attorney; Andre R. Araujo, of counsel and on the brief).

PER CURIAM

Defendant, Steven J. Brizak, appeals from the July 27, 2018 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. Defendant was convicted of first-degree robbery, N.J.S.A. 2C:15-1(a)(2), and related charges for robbing a CVS pharmacy with a starter pistol and taking the controlled dangerous substance hydrocodone, an opioid used to treat severe pain. He received an aggregate ten-year prison sentence, subject to eighty-five percent parole ineligibility under the No Early Release Act, N.J.S.A. 2C:43-7.2. After reviewing the record in light of the contentions advanced on appeal, we reverse and remand for an evidentiary hearing.

After reviewing the facts elicited at trial, which we need not repeat here, we affirmed on direct appeal, without addressing defendant's Point VII, the claim of ineffective assistance of counsel, and we remanded for resentencing only. State v. Brizak, No. A-3461-12 (App. Div. Sept. 11, 2015) (slip op. at 14, 16-17). Our Supreme Court denied defendant's petition for certification. State v. Brizak, 224 N.J. 123 (2016). After resentencing, we affirmed the sentence without briefing at a sentencing-only calendar by order of July 1, 2016.

Defendant raises the following issues on appeal from the denial of PCR:

> POINT I: THE COURT BELOW ERRED IN DENYING THE PETITION FOR [PCR] RELIEF (AND AN EVIDENTIARY HEARING) AS DEFENDANT WAS DENIED HIS STATE AND

FEDERAL CONSTITUTIONAL RIGHT TO EFFECTIVE TRIAL COUNSEL AS GUARANTEED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND BY ARTICLE I, PARAGRAPH 10 OF THE NEW JERSEY CONSTITUTION AND DENIED HIS FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS DUE TO THE FAILURE TO INVESTIGATE AND PRESENT ALIBI WITNESSES AT TRIAL.

POINT II: THE COURT BELOW ERRED IN DENYING PCR RELIEF AS DEFENDANT WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF TRIAL COUNSEL AS GUARANTEED BY THE SIXTH AMENDMENT AND BY ARTICLE I, PARAGRAPH 10 OF THE NEW JERSEY CONSTITUTION AND DENIED HIS FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS DUE TO THE FAILURE TO INVESTIGATE AND PRESENT CHARACTER WITNESSES AT TRIAL.

POINT III: THE COURT BELOW ERRED IN DENYING PCR RELIEF AS DEFENDANT WAS DENIED HIS RIGHT TO EFFECTIVE TRIAL COUNSEL AS GUARANTEED BY THE SIXTH AMENDMENT AND ARTICLE I, PARAGRAPH 10 OF THE NEW JERSEY CONSTITUTION AND DENIED HIS FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS DUE TO TRIAL COUNSEL'S FAILURE TO HIRE AN EXPERT AS TO THE BOOT PRINT LEFT AT THE SCENE.

POINT IV: THE COURT BELOW ERRED IN DENYING PCR RELIEF AS DEFENDANT WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF TRIAL COUNSEL AS GUARANTEED BY THE SIXTH AMENDMENT AND BY ARTICLE I, PARAGRAPH 10 OF THE NEW JERSEY

A-5728-17T2

CONSTITUTION AND DENIED OF HIS FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS DUE TO TRIAL COUNSEL'S FAILURE TO HIRE AN EXPERT AS TO THE PARTIAL PRINT ON THE STARTER PISTOL

POINT V: THE COURT BELOW ERRED IN DENYING PCR RELIEF AS DEFENDANT WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF TRIAL COUNSEL AS GUARANTEED BY THE SIXTH AMENDMENT AND BY ARTICLE I, PARAGRAPH 10 OF THE NEW JERSEY CONSTITUTION AND DENIED OF HIS FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS BY TRIAL COUNSEL'S FAILURE TO REALIZE THAT THE NEW JERSEY SUPREME COURT'S DECISION IN STATE V. HENDERSON, 208 N.J. 208 (2011) WOULD NOT BE APPLICABLE UNTIL SEPTEMBER OF 2012 (SIX MONTHS AFTER THE FEBRUARY 16, 2012 ARGUMENT).

POINT VI: THE COURT BELOW ERRED IN DENYING PCR RELIEF AS DEFENDANT WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF TRIAL COUNSEL AS GUARANTEED BY THE SIXTH AMENDMENT AND BY ARTICLE I, PARAGRAPH 10 OF THE NEW JERSEY CONSTITUTION AND DENIED OF HIS FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS DUE TO TRIAL COUNSEL'S FAILURE TO OBTAIN A WADE[1] EVIDENTIARY HEARING DESPITE THE FACT THAT DETECTIVE KIRCHNER (WHO ADMINISTERED THE ARRAY) KNEW THAT THE BRIZAK BROTHERS WERE SUSPECTS.

---

[1] United States v. Wade, 388 U.S. 218 (1967).

POINT VII: THE COURT BELOW ERRED IN DENYING PCR RELIEF AS DEFENDANT WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF TRIAL COUNSEL AS GUARANTEED BY THE SIXTH AMENDMENT AND BY ARTICLE I, PARAGRAPH 10 OF THE NEW JERSEY CONSTITUTION AND DENIED OF HIS FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS DUE TO TRIAL COUNSEL'S FAILURE TO OBTAIN AN EXPERT WITNESS REGARDING THE PHOTO ENHANCEMENTS [OF] SUSPECTS.

POINT VIII: THE COURT BELOW ERRED IN DENYING PCR RELIEF AS DEFENDANT WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF TRIAL COUNSEL AS GUARANTEED BY THE SIXTH AMENDMENT AND BY ARTICLE I, PARAGRAPH 10 OF THE NEW JERSEY CONSTITUTION AND DENIED OF HIS FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS DUE TO TRIAL COUNSEL'S FAILURE TO CONSULT AN "IDENTIFICATION" EXPERT WITNESS IN THIS IDENTIFICATION CASE.

POINT IX: THE COURT BELOW ERRED IN DENYING PCR RELIEF AS DEFENDANT WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF TRIAL COUNSEL AS GUARANTEED BY THE SIXTH AMENDMENT AND BY ARTICLE I, PARAGRAPH 10 OF THE NEW JERSEY CONSTITUTION AND DENIED OF HIS FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS DUE TO TRIAL COUNSEL'S FAILURE TO PROPERLY CROSS-EXAMINE THE STATE'S WITNESSES (INCLUDING THE EYEWITNESS).

POINT X: THE COURT BELOW ERRED IN DENYING PCR RELIEF AS DEFENDANT WAS

DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF TRIAL COUNSEL AS GUARANTEED BY THE SIXTH AMENDMENT AND BY ARTICLE I, PARAGRAPH 10 OF THE NEW JERSEY CONSTITUTION AND DENIED OF HIS FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS DUE TO TRIAL COUNSEL'S FAILURE TO ORDER THE GRAND JURY TRANSCRIPT THEREBY DEPRIVING DEFENDANT OF A MOTION TO DISMISS THE INDICTMENT ON THE GROUNDS THAT NO DEFINITIONS OF THE ELEMENTS OF THE CRIME (SUCH AS "PURPOSELY" AND "KNOWINGLY") WERE GIVEN TO THE GRAND JURORS; INSTEAD, THE ASSISTANT PROSECUTOR SIMPLY READ THE PROPOSED INDICTMENT; IN ADDITION, DETECTIVE HARRIS TESTIFIED INACCURATELY AND MISLEADINGLY TO THE GRAND JURY AS TO THE BOOT PRINT.

POINT XI: THE COURT BELOW ERRED IN DENYING PCR RELIEF AS DEFENDANT WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF TRIAL COUNSEL AS GUARANTEED BY THE SIXTH AMENDMENT AND BY ARTICLE I, PARAGRAPH 10 OF THE NEW JERSEY CONSTITUTION AND DENIED HIS FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS DUE TO TRIAL COUNSEL'S FAILURE TO PROPERLY FILE THE NOTICE OF MOTION FOR BAIL PENDING APPEAL IN THE APPELLATE DIVISION (NECESSITATING REFILING IN THE PROPER FORMAT).

"[PCR] is New Jersey's analogue to the federal writ of habeas corpus."

State v. Preciose, 129 N.J. 451, 459 (1992). Pursuant to Rule 3:22-2(a), a

6

criminal defendant is entitled to post-conviction relief if there was a "[s]ubstantial denial in the conviction proceedings of defendant's rights under the Constitution of the United States or the Constitution or laws of the State of New Jersey."

To establish a prima facie claim of ineffective assistance of counsel, the defendant is obliged to show not only the particular manner in which counsel's performance was deficient, but also that the deficiency prejudiced his right to a fair trial. Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 60-61 (1987).

A PCR petitioner asserting that his trial attorney inadequately investigated a potential witness "must assert the facts that an investigation would have revealed, supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification." State v. Porter, 216 N.J. 343, 353 (2013) (quoting State v. Cummings, 321 N.J. Super. 154, 170, (App. Div. 1999)). "Even a suspicious or questionable affidavit supporting a PCR petition 'must be tested for credibility and cannot be summarily rejected.'" Id. at 355 (quoting State v. Allen, 398 N.J. Super. 247, 258 (App. Div. 2008)).

When petitioning for PCR, the defendant must establish "by a preponderance of the credible evidence" entitlement to the requested relief.

State v. Nash, 212 N.J. 518, 541 (2013) (quoting Preciose, 129 N.J. at 459).

However, the mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing. Cummings, 321 N.J. Super. at 170. Rather, PCR courts should grant evidentiary hearings and make a determination on the merits only if the defendant presents a prima facie claim of relief, material issues of disputed facts lie outside the record, and resolution of the issues necessitates a hearing. R. 3:22-10(b); see also Porter, 216 N.J. at 355.

When determining whether to grant an evidentiary hearing, the PCR court must consider the facts in the light most favorable to the defendant. Preciose, 129 N.J. at 462-63. We review a court's decision to deny a PCR petition without an evidentiary hearing for abuse of discretion. State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013). Applying these principles, we conclude the PCR court mistakenly exercised its discretion by denying defendant's request for an evidentiary hearing. As our Supreme Court stated in Porter:

> Certain factual questions, "including those relating to the nature and content of off-the-record conferences between defendant and [the] trial attorney," are critical to claims of ineffective assistance of counsel and can "only be resolved by meticulous analysis and weighing of factual allegations, including assessments of credibility." These determinations are "best made" through an evidentiary hearing.

[Porter, 216 N.J. at 355 (quoting State v. Pyatt, 316 N.J. Super. 46, 51 (App. Div. 1998)).]

Defendant raises the following eleven claims of ineffective assistance of counsel, claiming trial counsel failed to: (1) take statements from and present as alibi witnesses defendant's family members and coworkers who were with him or on the phone with him on the day of and during the robbery; (2) call five witnesses to testify about defendant's "good repute" as well as any one of nineteen additional character witnesses; (3) hire an expert to "affirmatively prove" that defendant's seized boots "did not match the boot prints left [at the pharmacy] by the perpetrator"; (4) hire an expert to testify that law enforcement could have taken "additional steps" to obtain better prints from the starter pistol and that the fingerprint and palm print recovered did not match defendant; (5) object when the judge improperly applied the State v. Henderson, 208 N.J. 208 (2011), standard to defendant's motion for a Wade hearing; (6) obtain a Wade hearing; (7) obtain an expert to testify about the enhancement of defendant's and his brother's Department of Motor Vehicle photos used in the photo array shown to the eyewitness; (8) consult with and retain an identification expert; (9) properly cross-examine the State's witnesses, including the eyewitness; (10) order the grand jury transcript, which would have shown that the State presented improper testimony of the lead detective regarding the boot print; and (11)

properly file the notice of motion for bail pending appeal, necessitating the refiling of the motion.

Defendant presented to the PCR court a certification from an expert opining that the footprint near the scene of the robbery was not made by the boots seized from defendant. The expert also opined that the partial fingerprint found on the starter pistol recovered from the bushes near the pharmacy was not left by defendant's hand. At trial, the State introduced evidence that this forensic evidence was inconclusive, not exculpatory.

Defendant also presented affidavits from character witnesses. The State presented a certification from defendant's privately-retained defense counsel mistakenly stating that character evidence could not have been introduced because defendant did not testify. Further, the State claimed that defendant's admissions to drug involvement in the presentence report demonstrates that the State could have introduced evidence of defendant's drug involvement to rebut evidence of good character.

Additionally, defendant presented certifications from several witnesses who spoke to or saw defendant at about the same time on Christmas evening 2010 when the robbery occurred. In his certification, trial counsel alleged it was

trial strategy not to present these witnesses, who defendant categorizes as "alibi" witnesses.

The PCR court found defendant's witnesses would not have overcome the strength of the eyewitness identification, and "surmise[ed]" that trial counsel must have discussed these trial decisions with defendant. Our Supreme Court has stated that often a defendant "must develop a record at a hearing at which counsel can explain the reasons for his conduct and inaction and at which the trial judge can rule upon the claims including the issue of prejudice." Preciose, 129 N.J. at 462 (quoting State v. Sparano, 249 N.J. Super. 411, 419 (App. Div. 1991)).

An evidentiary hearing was necessary to assess credibility and further develop the facts underlying the actions and strategies of defendant's trial attorney in connection with defendant's claims of ineffective assistance and his allegations that an expert forensic witness, character witnesses, and witnesses who had contact with defendant should have been called to testify in his defense. Trial counsel's certification, with a mistaken legal interpretation, was insufficient to rebut the conflicting certifications presented by potential defense witnesses. See R. 3:22-10(b). Given the State's burden of proof, the PCR court

misapplied its discretion in reasoning that the strength of the witness's identification overwhelmed the benefit of these witnesses to defendant.

Finding merit in defendant's claim that an evidentiary hearing was necessary to test the claims regarding the expert witness, character witnesses, and "alibi" witnesses, we do not reach defendant's other arguments. We express no view on the ultimate success of defendant's PCR application after the court has the opportunity to review the credibility of the witnesses presented by defendant and the State.

Reversed and remanded for an evidentiary hearing. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-5728-17T2